## Case No. 10,075.

### The NEBRASKA.

[2 Ben. 500.] [1]

District Court, E. D. New York. July, 1868.

COLLISION—VESSEL LYING AT PIER.

Where a steamship was coming into pier 37, in the East river, in the harbor of New York, in tow of a tug, and, by the order of the pilot of the steamship, a movement of the tug was made which caused the steamship to swing against a schooner lying at the end of pier 39, so as to crush in a canal boat which lay between the schooner and the end of that pier, *held*, that it was the duty of the steamship to come in at pier 37 so as to avoid touching the vessels at pier 39, and that she was responsible for the damage.

[Cited in The Syracuse, 18 Fed. 829; Shields v. Mayor, etc., Id. 749.]

In admiralty.

Benedict & Benedict, for libellants.
Owen, Nash & Gray, for claimants.

## Case No. 10,076.

### The NEBRASKA.

[3 Ben. 261.] [1]

District Court, E. D. New York. May, 1869.

DAMAGES BY COLLISION—VESSEL SUNK AT PIER—COST OF RAISING—TOTAL LOSS.

Where a canal-boat, with a cargo of coal on board, lying at a pier in the harbor of New York, was struck by a steamship and sunk in thirty feet of water, and it was not possible to ascertain the amount of her injury as she lay, and her owner contracted to have her raised for $500, and she was raised and put upon ways, and then, on an examination and survey, it was found that she was not worth repairing, and she was sold at auction for $100: *Held*, that the owner of the canal-boat was entitled to recover as damages the value of the boat as a total loss, deducting the sum for which she was sold, and,

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

in addition. the cost of raising the boat, and of putting her on the ways to be examined, after she was raised.

[Cited in The Mary Eveline. Case No. 9.211; The Havelah, 50 Fed. 334.]

[These were two libels against the steamship Nebraska, one by owner of canal boat Sarah Ball and the other by owner of cargo on board the same, to recover damages for a collision. At the first hearing of the case, the actions being tried together, a decree was rendered for the libellants. An order of reference was made as to the amount of damages. Case No. 10,075. The case is now heard upon exceptions to the commissioners' report as to the amount of damages allowed to the owners of the Sarah Ball.]

Benedict & Benedict, for libellant.

Owen, Nash & Gray, for claimants.

BENEDICT, District Judge. This case comes before the court upon exceptions to the commissioner's report of the amount of damages sustained by the libellant, by reason of the sinking of his canal boat, the "Sarah Ball," in the collision with the Nebraska.

The boat when sunk was lying at the end of a pier in the harbor of New York, and had on board a cargo of coal. Where the vessel sunk the water was about 30 feet deep, and it was not possible to ascertain the extent of her injuries as she lay upon the bottom, but it was manifestly possible to raise her. A contract was accordingly made with a wrecking company to raise her for $500, and she was thereupon raised and placed upon ways and examined. She was then found to be so much injured that the cost of repairing would exceed her value when repaired. whereupon she was sold at auction for $100.

The commissioner allowed the value of the vessel previous to the collision, (as a total loss,) less the proceeds of her sale, and in addition the expenses of raising her and placing her upon the ways.

To this report the only serious objection taken relates to the allowance of the expenses of raising the vessel. and placing her upon the ways, and it is insisted, on the part of the claimant, that the raising of the vessel was at the risk of the party incurring the expense, and was not chargeable against the wrong doer, in addition to the value of the vessel, it having turned out that the vessel was not worth raising. In support of this position, the case of the Metropolis, decided by Judge Betts and affirmed by Mr. Justice Nelson, and also by the supreme court, is relied on as an authority.

The law laid down in the case of the Metropolis [Banks v. The Metropolis, Case No. 962], I do not conceive to be applicable in the present case. In the case of the Metropolis, the vessel was sunk in the middle of the Sound, some sixteen miles wide, and there was no reasonable ground for

supposing that efforts to raise her would be attended with success. Here the vessel was sunk at a pier, where it was known that she could be raised at an expense of $500; and when, until she was raised, it was impossible to ascertain whether it would be expedient to repair her or not. Under such circumstances, it seems to me that it was incumbent upon a prudent owner to have the vessel raised. The raising was a necessary proceeding to enable the libellant to determine his course as to her repairs, and to compute his loss, and he is entitled to be repaid the reasonable expense thereby incurred. Such was the ruling in the case of The Engineer, 1 Lush. 138.

Furthermore, this vessel was sunk at a pier where she was an obstruction to the harbor of New York. She could not lawfully be permitted to remain where she was, and, if not raised by the libellant, might be removed by the commissioners of pilots at the expense of the libellant. Laws N. Y. 1860, c. 522, § 1.

The libellant was, therefore, bound to raise her, and the expenses, to which he was put, became a part of the damages caused by the collision. The allowance of the expense of raising seems to me, therefore, to be correct. As to the expense of the ways, I am also of the opinion that it was a necessary expenditure, to enable the libellant to examine his vessel, in order to determine his course as to repairs, and it is, therefore, properly allowed.

The report must be confirmed.